IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3158-FL

| GARY L. JOHNSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| MR. BOONE; OFFICER ALSTON; SHER GULERIA; DREW STANLEY; BOB LEWIS; SERGEANT GILBERT; SERGEANT MCKELLOR; MEDICAL SUPERVISOR JOHN OR JANE DOE; INSTITUTIONAL HEALTH HEAD JANE DOE; AND NORTH CAROLINA GRIEVANCE EXAMINER JOHN DOE; MS. WILLINGHAM; NURSE BAILEY; and CLEO JENKINS, | ) | |
| Defendants. | ) | |

This matter comes before the court on the motion to dismiss plaintiff's amended complaint (DE # 35) pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by defendant Sher Guleria ("Guleria"), to which plaintiff responded. Also before the court is the motion to dismiss plaintiff's amended complaint (DE # 40) pursuant to Rule 12(b)(6), filed by defendants Timothy Gilbert ("Gilbert") and the John and Jane Doe defendants (the "Doe defendants"). Plaintiff did not respond to the motion filed by Gilbert and the Doe defendants. Finally, before the court is the motion to dismiss (DE # 44) pursuant to Rule 12(b)(6), filed by defendants Officer Alston ("Alston"), Mr. Boone ("Boone"), Cleo Jenkins ("Jenkins"), Bob Lewis ("Lewis"), McKellor ("McKellor"), and Drew Stanley ("Stanley"), to which plaintiff responded. For the following reasons, the court grants

the motions to dismiss filed by Guleria, Gilbert, and the Doe defendants. The court denies as moot the April 18, 2011, motion to dismiss filed by Alston, Boone, Jenkins, Lewis, McKellor, and Stanley.

## STATEMENT OF THE CASE

On September 30, 2009, plaintiff filed this action pursuant to 42 U.S.C. § 1983. He subsequently filed amended complaint on October 15, 2009, as well as several other pleadings. On January 19, 2010, the court conducted a frivolity review of plaintiff's action and directed him to particularize his complaint because his pleadings were difficult to follow. Plaintiff complied with the court's January 19, 2010, order and particularized his complaint on February 12, 2010. Plaintiff alleged that Hill, Boone, Jenkins, Whitaker, Bailey, and Willingham refused to provide him an accommodation for his irritable bowel syndrome ("IBS") in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq*. Plaintiff also alleged that Guleria and Bailey acted with deliberate indifference to his medical care in violation of the Eighth Amendment to the United States Constitution. Plaintiff finally alleged that Stanley, Boone, Alston, Lewis, and McKellor violated his rights pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

On August 16, 2010, the court conducted a frivolity review of plaintiff's amended pleading and allowed plaintiff to proceed with his claims. Also on that date, the Clerk of Court issued an order of investigation. North Carolina Prisoner Legal Services ("NCPLS") subsequently requested two extensions of time to complete its investigation, which this court granted. On February 14, 2011, NCPLS responded to this court's order of investigation, stating that it determined appointment of counsel was not necessary in this action.

2

On March 16, 2011, Guleria filed a motion to dismiss, arguing that plaintiff's claim should be dismissed because he failed to exhaust his administrative remedies. Guleria alternatively argued that plaintiff's claim against him should be dismissed for failure to state a claim upon which relief may be granted. The matter was fully briefed. On March 18, 2011, Gilbert and the Doe defendants filed a motion to dismiss arguing that plaintiff failed to state a claim upon which relief may be granted. Plaintiff did not respond to this motion.

On April 18, 2011, Alston, Boone, Jenkins, McKellor, and Stanley filed a motion to dismiss arguing that plaintiff failed to state a claim upon which relief may be granted, to which plaintiff responded. On December 2, 2011, the court directed the Clerk of Court to issue a Rule 56 letter, and the Clerk complied. Defendants were allowed the opportunity to provide supplemental briefing. On March 8, 2012, Boone, McKellor, Alston, Jenkins, Lewis, Stanley, Bailey, and Willingham filed a supplemental motion to dismiss, arguing that plaintiff failed to exhaust his administrative remedies prior to filing this action. The March 8, 2012, motion to dismiss is not yet ripe for adjudication.

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but

3

does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

    1.    Guleria

Guleria raises the affirmative defense that plaintiff failed to exhaust administrative remedies before filing this action. See Jones v. Bock, 549 U.S. 199, 216 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The Prisoner Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 84 (2006). Exhaustion is mandatory. Woodford, 548 U.S. at 84; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson, 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

In this case, the evidence in the record reflects that plaintiff filed his grievance (grievance number 3710-09SEG-018) relating to his medical care at Nash Correctional Institution in September

4

2009. Guleria Answer Ex. A.[1]  The record further reflects that plaintiff did not complete step three, the final step, of the administrative remedy procedure until December 2, 2009.  Id.  Plaintiff filed his complaint in this action on September 30, 2009, and his amended complaint on October 15, 2009.  Accordingly, plaintiff filed his complaint while he was in the process of exhausting his administrative remedies.  Exhaustion of administrative remedies during the course of litigation is insufficient to prevent dismissal.  See Hayes v. Stanley, No. 06-6475, 2006 WL 3147498, at *1 n.1 (4th Cir. Oct. 31, 2006) (per curiam); Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir. 2003) ("permitting exhaustion *pendente lite* undermines the objectives of section 1997e(a) . . .").

In response to Guleria's motion, plaintiff argues that the court should deem his administrative remedies exhausted because prison officials failed to timely process his grievances.  The Eighth, Fifth, and Seventh Circuits deem administrative remedies exhausted when prison officials fail to timely respond to inmate grievances.  See Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (citing Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001)); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999) (citations omitted)); see also, Hill v. Haynes, 380 F. App'x 268, 270 (4th Cir. 2010) ("An administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it.").

In this case, the record is unclear as to when prison staff accepted plaintiff's grievance number 3710-09SEG-018 in that the grievance reflects conflicting dates.  The first page of plaintiff's

---

[1] Copies of plaintiff's grievances are attached to Guleria's answer.  Plaintiff does not dispute the authenticity of the grievances.  A court may consider grievances attached to a plaintiff's complaint or a defendant's answer in ruling upon a motion to dismiss or motion for judgment on the pleadings where, as here, the materials are integral to the complaint and authentic.  See, Philips v. Pitt County Memorial Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (finding that in ruling on a Rule 12(b)(6) motion to dismiss, the court may consider documents attached to the motion and the complaint if they are "integral to the complaint and authentic."); Moore v. Beck, No. 5:08-CT-3017-FL, 2010 WL 5140008, *4, aff'd, 441 F. App'x 155 (4th Cir. Aug. 1, 2011); Lefkoe v. Jos. A. Banks Clothiers, No. WMN-06-1892, 2008 WL 7275126, *3-5 (D. Md. May 13, 2008) (citing Horsley v. Felt, 304 F.3d 1125, 1134-35 (11th Cir. 2002)).

5

two-page grievance reflects that it was accepted by prison officials on September 26, 2009, but the second page reflects that it was accepted on September 16, 2009. Using the September 26, 2009, acceptance date, the step-one unit response occurred, within the fifteen (15) day time limit provided by the DOC ARP, on October 7, 2009. See DOC ARP § .0310(a)(5); Guleria Answ. Ex. A. Using September 16, 2009, as the date the grievance was accepted, the step two unit response was due on October 1, 2009. Plaintiff filed this action naming Guleria as a defendant on September 30, 2009.[2] Accordingly, at the time plaintiff filed this action, the step-one response was not untimely. Additionally, plaintiff subsequently completed the administrative remedy process for this grievance. Based upon the foregoing, the court finds that plaintiff filed this action prior to completing the administrative remedy procedure, and had not properly exhausted his Eighth Amendment claim against Guleria prior to filing this action.

    2.       Gilbert and the Doe Defendants

Gilbert and the Doe defendants assert that plaintiff failed to state any claim against them in his February 12, 2010, amended pleading. Although plaintiff made allegations against Gilbert and the Doe defendants in his initial complaint and his October 15, 2009, amended complaint, he did not make any allegations in his February 12, 2010, amended complaint.[3] Nor has plaintiff responded to the motion dismiss filed by the Doe defendants. Based upon the foregoing, the court finds that plaintiff failed to state a claim upon which relief may be granted against Gilbert or the Doe defendants.

---

[2] The court notes that plaintiff's complaint is dated September 28, 2009.

[3] As stated, on January 19, 2010, the court entered an order stating that plaintiff's pleadings violated Rule 8 and provided him the opportunity to particularize his complaint. Plaintiff was notified that his amended complaint would constitute the complaint in its entirety.

6

3.  Boone, McKellor, Alston, Jenkins, Lewis, and Stanley

On April 18, 2011, Boone, McKellor, Alston, Jenkins, Lewis, and Stanley filed their first motion to dismiss pursuant to Rule 12(b)(6), arguing that plaintiff failed to state a claim upon which relief may be granted. The court subsequently converted this motion into a motion for summary judgment and issued a Rule 56 letter. On March 8, 2012, Boone, McKellor, Alston, Jenkins, Lewis, and Stanley then filed a supplemental motion to dismiss asserting the affirmative defense that plaintiff failed to exhaust his administrative remedies prior to filing this action. The time in which to respond to this motion has not yet expired, and the motion is not yet ripe. The court finds it appropriate to first address the exhaustion issue before proceeding to the merits of plaintiff's claims against these defendants. For this reason, the court DENIES without prejudice the April 18, 2011, motion to dismiss, converted to a motion for summary judgment, filed by Alston, Boone, Jenkins, Lewis, McKellor, and Stanley.[4]

## CONCLUSION

For the foregoing reasons, the motion to dismiss filed by Guleria (DE # 35), and the motion to dismiss filed by the Doe defendants and Gilbert (DE # 40) are GRANTED. Plaintiff's claim against Guleria is DISMISSED without prejudice. The motion to dismiss filed by defendants Boone, McKellor, Alston, Jenkins, Lewis, and Stanley (DE # 44) is DENIED without prejudice.

---

[4] The court notes that the April 18, 2011, motion for summary judgment is not yet ripe in that Alston, Boone, Jenkins, Lewis, McKellor, and Stanley have until March 23, 2012, to file their reply brief. (See DE # 51, 1.) The court, however, finds it appropriate to dismiss this motion without prejudice, despite the procedural posture, in order to first address whether plaintiff properly exhausted his administrative remedies prior to filing this action.

SO ORDERED, this the 15th day of March, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge