IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3158-FL

| | |
|---|---|
| GARY L. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MR. BOONE; OFFICER ALSTON; ) | |
| SHER GULERIA; DREW STANLEY; ) | |
| BOB LEWIS; SERGEANT GILBERT; ) | ORDER |
| SERGEANT MCKELLOR; MEDICAL ) | |
| SUPERVISOR JOHN OR JANE DOE; ) | |
| INSTITUTIONAL HEALTH HEAD ) | |
| JANE DOE; AND NORTH CAROLINA ) | |
| GRIEVANCE EXAMINER JOHN DOE; ) | |
| MS. WILLINGHAM; NURSE BAILEY; ) | |
| and CLEO JENKINS, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on the motion to dismiss (DE # 72) pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by defendants Nurse Bailey ("Bailey") and Ms. Willingham ("Willingham"). Also before the court is the supplemental motion to dismiss (DE # 84) pursuant to Rule 12(b)(6), filed by defendants Bailey and Willingham as well as Officer Alston ("Alston"), Mr. Boone ("Boone"), Cleo Jenkins ("Jenkins"), Bob Lewis ("Lewis"), McKellor ("McKellor"), Sergeant Gilbert ("Gilbert"),[1] and Drew Stanley ("Stanley") (collectively the "remaining defendants"). Finally, before the court are the motions for a protective order (DE # 80, 88) filed by the remaining defendants and Timothy Gilbert ("Gilbert"). The supplemental motion to dismiss was

---

[1] The court notes that plaintiff's action against Gilbert was dismissed without prejudice for failure to exhaust administrative remedies on March 15, 2012, subsequent to the date Gilbert filed his supplemental motion to dismiss. Accordingly, to the extent Gilbert moves the court to dismiss this action against him for failure to exhaust administrative remedies, his motion is DENIED as moot. His motion for a protective order also is DENIED as moot.

fully briefed. The parties did not respond to the respective remaining pending motions. In this posture, the matters are ripe for adjudication. For the following reasons, the court grants defendants' supplemental motion to dismiss, and denies as moot the motion to dismiss filed by Bailey and Willingham. The court also grants the remaining defendants' motion for a protective order and denies as moot Gilbert's motion for a protective order.

## STATEMENT OF THE CASE

The court here incorporates the below portion of the statement of facts as set forth in its March 15, 2012, order.

> On September 30, 2009, plaintiff filed this action pursuant to 42 U.S.C. § 1983. He subsequently filed amended complaint on October 15, 2009, as well as several other pleadings. On January 19, 2010, the court conducted a frivolity review of plaintiff's action and directed him to particularize his complaint because his pleadings were difficult to follow. Plaintiff complied with the court's January 19, 2010, order and particularized his complaint on February 12, 2010. Plaintiff alleged that Hill, Boone, Jenkins, Whitaker, Bailey, and Willingham refused to provide him an accommodation for his irritable bowel syndrome ("IBS") in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq*. Plaintiff also alleged that Guleria and Bailey acted with deliberate indifference to his medical care in violation of the Eighth Amendment to the United States Constitution. Plaintiff finally alleged that Stanley, Boone, Alston, Lewis, and McKellor violated his rights pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution.
>
> On August 16, 2010, the court conducted a frivolity review of plaintiff's amended pleading and allowed plaintiff to proceed with his claims. Also on that date, the Clerk of Court issued an order of investigation. North Carolina Prisoner Legal Services ("NCPLS") subsequently requested two extensions of time to complete its investigation, which this court granted. On February 14, 2011, NCPLS responded to this court's order of investigation, stating that it determined appointment of counsel was not necessary in this action.

2

On March 16, 2011, Guleria filed a motion to dismiss, arguing that plaintiff's claim should be dismissed because he failed to exhaust his administrative remedies. Guleria alternatively argued that plaintiff's claim against him should be dismissed for failure to state a claim upon which relief may be granted. The matter was fully briefed. On March 18, 2011, Gilbert and the Doe defendants filed a motion to dismiss arguing that plaintiff failed to state a claim upon which relief may be granted. Plaintiff did not respond to this motion.

On April 18, 2011, Alston, Boone, Jenkins, McKellor, and Stanley filed a motion to dismiss arguing that plaintiff failed to state a claim upon which relief may be granted, to which plaintiff responded. On December 2, 2011, the court directed the Clerk of Court to issue a Rule 56 letter, and the Clerk complied. Defendants were allowed the opportunity to provide supplemental briefing.

On February 17, 2012, Bailey and Willingham filed a motion to dismiss for failure to state a claim upon which relief may be granted. On March 8, 2012, the remaining defendants filed a supplemental motion to dismiss, arguing that plaintiff failed to exhaust his administrative remedies prior to filing this action. In the interim, the remaining defendants filed a motion for a protective order, to which plaintiff did not respond.

On March 15, 2012, the court entered an order granting Guleria's motion to dismiss, as well as the motion to dismiss filed by the Doe defendants and Gilbert.[2] The court also denied without prejudice the April 18, 2011, motion to dismiss filed by Alston, Boone, Jenkins, Lewis, McKellor, and Stanley in light of the remaining defendants' March 8, 2012, supplemental motion to dismiss. Plaintiff subsequently responded to the remaining defendants' supplemental motion to dismiss, and submitted a declaration in opposition to such motion.

---

[2] The court notes that the March 8, 2012, motion to dismiss was not ripe for adjudication on the date the court entered its March 15, 2012, order granting the respective motions to dismiss of Guleria, Gilbert, and the Doe defendants.

3

**DISCUSSION**

A.  Motions for a Protective Order

Defendants request a protective order against the burdens of discovery. The remaining defendants' supplemental motion to dismiss asserts that plaintiff failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a), prior to bringing this action. Plaintiff does not demonstrate that any of the requested discovery material could preclude dismissal of this action for failure to exhaust administrative remedies. Thus, the court GRANTS the remaining defendants' motion for a protective order.

B.  Motions to Dismiss

  1.  Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the plaintiff's complaint. See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 663, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when

accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

   2.   Analysis

The remaining defendants raise the affirmative defense that plaintiff failed to exhaust administrative remedies before filing this action. See Jones v. Bock, 549 U.S. 199, 216 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The Prisoner Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 84 (2006). Exhaustion is mandatory. Woodford, 548 U.S. at 84; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson, 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211. A court may raise the issue of exhaustion of administrative remedies on its own motion, but must first give the inmate the opportunity to address the issue. Anderson, 407 F.3d at 682.

In this case, the evidence in the record reflects that plaintiff filed his grievance (grievance number 3710-09SEG-018) relating to his medical care at Nash Correctional Institution in September 2009. Guleria Answer Ex. A.[3] The record further reflects that plaintiff did not complete step three,

---

[3] Copies of plaintiff's grievances are attached to Guleria's answer. Plaintiff does not dispute the authenticity of the grievances. A court may consider grievances attached to a plaintiff's complaint or a defendant's answer in ruling upon a motion to dismiss or motion for judgment on the pleadings where, as here, the materials are integral to the
(continued...)

5

the final step, of the North Carolina Division of Adult Correction ("DAC")[4] Administrative Remedy Procedure ("ARP") until December 2, 2009.  Id.  Plaintiff filed his complaint in this action on September 30, 2009, and his amended complaint on October 15, 2009.  Accordingly, plaintiff filed his complaint while he was in the process of exhausting his administrative remedies.  Exhaustion of administrative remedies during the course of litigation is insufficient to prevent dismissal.  See Hayes v. Stanley, No. 06-6475, 2006 WL 3147498, at *1 n.1 (4th Cir. Oct. 31, 2006) (per curiam); Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir. 2003) ("permitting exhaustion *pendente lite* undermines the objectives of section 1997e(a) . . .").

As a defense, plaintiff argues that the court should deem his administrative remedies exhausted because prison officials failed to properly follow the ARP.  Plaintiff states that he submitted grievance number 3710-09SEG-018 on September 2, 2009, and that prison officials failed to notify him within three days if his grievance was accepted or rejected pursuant to DAC ARP § .0307(b).  Due to his uncertainty of the status of his grievance, plaintiff wrote Stanley a letter inquiring into the issue.  On September 21, 2009,[5] Stanley responded, in writing, that he had not

---

[3](...continued)
complaint and authentic.  See, Philips v. Pitt County Memorial Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (finding that in ruling on a Rule 12(b)(6) motion to dismiss, the court may consider documents attached to the motion and the complaint if they are "integral to the complaint and authentic."); Moore v. Beck, No. 5:08-CT-3017-FL, 2010 WL 5140008, *4, aff'd, 441 F. App'x 155 (4th Cir. Aug. 1, 2011); Lefkoe v. Jos. A. Banks Clothiers, No. WMN-06-1892, 2008 WL 7275126, *3-5 (D. Md. May 13, 2008) (citing Horsley v. Felt, 304 F.3d 1125, 1134-35 (11th Cir. 2002)). Although the grievances are not attached to the remaining defendants' answers, the court may consider the grievances attached to Guleria's answer because plaintiff has had the opportunity to address the issue.  Anderson, 407 F.3d at 682. Moreover, plaintiff admits in his complaint that his grievance was filed, but not exhausted prior to filing this action.  See Compl. pp. 1-2.

[4] Effective January 1, 2012, the State of North Carolina reorganized and consolidated a number of executive agencies.  The Department of Correction was subsumed into the Department of Public Safety and is now the Division of Adult Correction.  See N.C. Gen. Stat. §§ 143B-600(a)(1); -700 et seq.

[5] Plaintiff's grievance reflects that it was accepted by prison officials on either September 16, 2009 or September 26, 2009.  Guleria Ans. Ex. A.

6

received plaintiff's grievance, but that it might have been submitted to the person responsible for grievances submitted by segregation inmates. (DE # 6, p. 3.) Although it appears that plaintiff was not notified that his grievance was accepted within three days in accordance with DAC ARP § .0307(b), the ARP was not rendered unavailable because plaintiff could have pursued other options. For instance, plaintiff could have re-submitted the grievance. This would have been a more reasonable course of action given the fact that the ARP allows an inmate one year to submit a grievance. See DAC ARP § .0306(b)(2). Thus, the fact that plaintiff did not receive notice of the acceptance or rejection of his grievance within three days does not render the ARP unavailable.

Plaintiff next argues that the court should deem his administrative remedies exhausted because prison officials failed to timely process his grievances. The Eighth, Fifth, and Seventh Circuits deem administrative remedies exhausted when prison officials fail to timely respond to inmate grievances. See Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (citing Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001)); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999) (citations omitted)); see also, Hill v. Haynes, 380 F. App'x 268, 270 (4th Cir. 2010) ("An administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it.").

In this case, the record is unclear as to when prison staff accepted plaintiff's grievance number 3710-09SEG-018 because it reflects conflicting acceptance dates. The first page of plaintiff's two-page grievance reflects that it was accepted by prison officials on September 26, 2009, but the second page reflects that it was accepted on September 16, 2009. Using the September 26, 2009, acceptance date, the step-one unit response occurred within the fifteen (15) day time limit provided by the DAC ARP, on October 7, 2009. See DAC ARP § .0310(a)(5); Guleria Ans. Ex. A.

7

Using September 16, 2009, as the date the grievance was accepted, the step two unit response was due on October 1, 2009. Plaintiff filed this action against defendants on September 30, 2009.[6] Accordingly, at the time plaintiff filed this action, the step-one response was not untimely. Additionally, plaintiff subsequently completed the ARP for this grievance. Based upon the foregoing, the court finds that plaintiff filed this action prior to completing the ARP for grievance number 3710-09SEG-018.

Finally, plaintiff states that he filed two additional grievances on October 16, 2009, and January 18, 2010. These grievances, however, were filed subsequent to the date plaintiff completed the exhaustion process for grievance number 3710-09SEG-018 and after he filed this action. Thus, they have no bearing on the issue of whether plaintiff exhausted his administrative remedies prior to filing this action. Based upon the foregoing, the court finds that plaintiff failed to properly exhaust his administrative remedies for his claims prior to filing this action. Accordingly, the remaining defendants' supplemental motion to dismiss is GRANTED, and the action is DISMISSED without prejudice.

**CONCLUSION**

For the foregoing reasons, the remaining defendants' supplemental motion to dismiss (DE # 84) pursuant to Rule 12(b)(6) is GRANTED, and the action is DISMISSED without prejudice. Because the court granted the supplemental motion to dismiss, the court DENIES as moot the motion to dismiss (DE # 72) filed by defendants Nurse Bailey ("Bailey") and Ms. Willingham ("Willingham"). Finally, Gilbert's motion for a protective order (DE # 88) is DENIED as moot, but the remaining defendants' motion for a protective order (DE # 80) is GRANTED.

---

[6] The court notes that plaintiff's complaint is dated September 28, 2009.

SO ORDERED, this the 12th day of June, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge

9